J-S72033-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ROBERT MELVIN DICK, :
:
Appellant : No. 755 WDA 2014

Appeal from the PCRA Order Entered April 15, 2014
in the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000189-2010

BEFORE:  BENDER, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 24, 2014**

Robert Melvin Dick (Appellant) appeals from the order entered on April 15, 2014, dismissing his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant was charged with numerous crimes related to his sexual abuse of his minor stepdaughter.  On May 26, 2011, a jury convicted him of many of those crimes, including two counts of involuntary deviate sexual intercourse with a child, two counts of indecent assault of a person less than 13 years of age, endangering the welfare of children, intimidation of witnesses, and corruption of minors.[1]  On October 25, 2011, Appellant was sentenced to an aggregate term of 35 to 70 years' incarceration.

---

[1] The jury could not reach a decision on 18 of the charges, and those charges were later dismissed by the Commonwealth.

* Retired Senior Judge assigned to the Superior Court.

Appellant timely filed an appeal to this Court, and his judgment of sentence was affirmed on November 27, 2012. *Commonwealth v. Dick*, 63 A.3d 839 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On November 18, 2013, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed, and an evidentiary hearing was held. On April 15, 2014, the PCRA court denied Appellant's petition. Appellant timely filed a notice of appeal, and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Before we reach the merits of the issues raised by Appellant, we consider whether they have been preserved properly for our review. The rules of appellate procedure are clear: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

In his *pro se* PCRA petition, Appellant set forth the following issues: 1) he requested trial counsel file a petition for allowance of appeal to the Supreme Court after the Superior Court affirmed his judgment of sentence; 2) "sufficiency of evidence, no DNA or any forensic evidence;" 3) "no witness's ineffective assistance of counsel;" 4) "failure to investigate victim's motive for allegations;" 5) "illegal sentence under Massachusetts v. Melendez-Diaz 129 SCT 2527 the doctor that did the exam and wrote the report must testify." *Pro Se* PCRA Petition, 11/18/2013, at 3.

On December 2, 2013, the PCRA court appointed Attorney Jarett Smith to represent Appellant and scheduled a PCRA hearing for January 28, 2014. The Commonwealth requested a continuance due to trial counsel's unavailability to testify on that day, and the PCRA court re-scheduled the hearing for February 28, 2014. The hearing was then re-scheduled to March 7, 2014.

At the hearing, PCRA counsel acknowledged that he did not file an amended PCRA petition. N.T., 3/7/2014, at 1. The PCRA court observed that the issue before it was Appellant's "purported request for allowance of appeal to [the] Supreme Court and [trial counsel's] decision or refusal to hear the same." *Id*. However, PCRA counsel requested "leeway" based on the allegations in Appellant's *pro se* PCRA petition, discussed *supra*. *Id*. at 4. The hearing proceeded, and trial counsel testified that he did not feel there would have been any basis to file a petition for allowance of appeal to the Supreme Court. *Id*. at 14. PCRA counsel then went on to question trial counsel about other areas, some of which were covered in the *pro se* PCRA petition, as well as others not covered in the *pro se* PCRA petition. *Id*. at 16-41. The Commonwealth objected to these lines of questioning as they were not raised in the *pro se* PCRA petition, but the PCRA court concluded that it was going to give PCRA counsel some "leeway" because it did not "want to come back and do another PCRA." *Id*. at 20.

Upon dismissing Appellant's PCRA petition, the PCRA court wrote an opinion analyzing the following issues: 1) whether trial counsel was ineffective "in failing to object to prejudicial comments made by the District Attorney;" 2) whether "trial counsel was ineffective in failing to investigate the motivation behind the Victim's allegedly false accusations;" 3) whether "trial counsel was ineffective in that he was not provided with enough time to prepare for trial;" and, 4) whether trial counsel "was ineffective in failing to petition the Supreme Court for allowance of appeal." Trial Court Opinion, 4/15/2014, at 6. The PCRA court deemed all other issues as having been waived. Appellant filed a notice of appeal, and in response to the PCRA court's order for Appellant to file a concise statement, Appellant set forth the following issues:

> 1. Trial counsel was ineffective in failing to obtain a mental health examination as [] Appellant is of low intelligence and did not understand all of the proceedings against him.
>
> 2. Trial counsel failed to challenge the discretionary aspects of sentencing or provide mitigating circumstances at the time of [Appellant's] sentencing.
>
> 3. Trial counsel was ineffective in failing to file pretrial motions to challenge the evidence against [] Appellant.

1925(B) Statement of Concise Matters on Appeal, 5/30/2014.

None of these issues was raised in Appellant's PCRA petition or addressed by the PCRA court in its opinion. On June 11, 2014, the PCRA court filed a statement in lieu of opinion relying on its April 15, 2014 opinion, and stating that all other issues were waived as not having been raised

properly pursuant to Pa.R.A.P. 302(a).  Now, on appeal, Appellant sets forth for our review the three issues raised in its concise statement, albeit in a different order, with slightly different language.[2]

Based on PCRA counsel's failure to file, or request leave to file, an amended PCRA petition, along with the PCRA court's decision to permit PCRA counsel leeway at the PCRA hearing, we are left to eat soup with a fork in trying to figure out what, if any, issues are preserved for review.  Moreover, Appellant's brief does not wholly comply with portions of Pa.R.A.P. 2119(a), which provides that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."

_____

[2]     Did the [PCRA] court [err] as [a] matter of law and fact when it denied Appellant's PCRA petition via an opinion and order dated April 15, 2014 when trial counsel was ineffective where:

    a.  Trial counsel failed to file pretrial motions and investigate named witnesses prior to trial?

    b.  Trial counsel failed to pursue potential mental health and intelligence issues which may have provided grounds for a defense or raised issue of mental competency?

    c.  Trial counsel failed to challenge the discretionary aspects of the [A]ppellant's aggregate sentence as being manifestly unjust and unreasonable?

Appellant's Brief at 13.

In his argument section, Appellant does not reference the notes of testimony from the PCRA hearing to aid in our review.[3] Further, while Appellant does make references to various cases, we are unable to discern exactly how many of those cases relate to the arguments presented by Appellant.[4]

"Appellate arguments which fail to adhere to [the Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived…. This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014). *See also Commonwealth v. Sanford*, 445 A.2d 149, 150 (Pa. Super. 1982) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

Thus, we are faced with substantial defects in Appellant's brief, along with no analysis by the PCRA court in considering Appellant's issues. However, because the PCRA court permitted Appellant leeway at the PCRA

---

[3] Appellant does reference the notes of testimony in his Statement of the Case. *See* Appellant's Brief at 15-17. However, the purpose of Rule 2119(a) is to reference the testimony in the Argument section for aid in this Court's review of the issues Appellant has raised.

[4] Appellant's argument section is one long section spanning four pages. This arguably complies with the directive that the argument "shall be divided into as many parts as there are questions to be argued" as Appellant presents one question with three subparts. Pa.R.A.P. 2119(a).

hearing, we arguably should do the same. Thus, we address the issues Appellant has set forth in his brief.

First, Appellant argues that "that trial counsel and Appellate counsel's inaction to either file omnibus pretrial motions or raise the same issue on appeal is ineffective assistance of counsel." Appellant's Brief at 18. Specifically, Appellant argues that trial counsel should have filed an "omnibus pretrial motion." *Id*. However, Appellant does not set forth on what grounds such a motion should have been filed. Appellant does not point out what evidence could have or should have been suppressed; instead, we are left to guess at what counsel should have purportedly included in such a motion. Thus, we conclude Appellant has waived this issue.

Next, Appellant claims trial counsel failed "to [raise] the existence of mental health issues and competency as well as low intelligence and an ability to comprehend the English language." Appellant's Brief at 19. Presumably, Appellant is arguing that trial counsel should have raised these issues prior to trial, rather than as part of Appellant's defense, because Appellant did have Daniel Kysor, a licensed psychologist, testify about Appellant's intellectual ability at trial. In fact, Kysor testified to his conclusion that Appellant's intellectual ability was in the bottom two percent of the population. N.T., 3/5/2012, at 709. Moreover, he diagnosed Appellant as having "mild mental retardation[.]" *Id*. at 719.

To the extent Appellant is arguing that the competency issue should have been raised prior to trial, Appellant's testimony at the PCRA hearing and analysis of this issue on appeal are woefully underdeveloped. To be declared incompetent to stand trial, an appellant "must establish that he was either unable to understand the nature of the proceedings against him or to participate in his own defense." *Commonwealth v. Smith*, 17 A.3d 873, 899-900 (Pa. 2011). In *Smith*, the case upon which Appellant relies in his argument, PCRA counsel presented extensive testimony about Smith's competency, as well as an affidavit from a psychiatrist, at the PCRA hearing. The PCRA court and our Supreme Court still found Smith's claim "insufficient to meet the high burden to which he is held to demonstrate that he was prepared to prove that he was actually incompetent to stand trial[.]" *Id*. at 900. Instantly, neither the PCRA court nor this Court has the benefit of such extensive testimony and medical evidence. Moreover, Appellant testified at the PCRA hearing that he understood the charges against him and why he was incarcerated prior to trial; that he was able to communicate his side of the story to trial counsel; and, that he remembers meeting with Kysor. N.T., 3/7/2014, at 44. Accordingly, Appellant is unable to meet the burden imposed in *Smith* and we find his claim to be without merit.

Finally, Appellant argues that trial counsel "was ineffective for [not] filing motions challenging the discretionary aspects of sentencing." *Id*. at 21.

Appellant then argues that the trial court abused its discretion in running

Appellant's sentences consecutively. *Id*.

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. [T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

*Commonwealth v. Treadway*, 2014 WL 5861607, at \*2 (Pa. Super. Ct.

Nov. 13, 2014) (internal citations and quotations omitted).  Appellant sets

forth no argument whatsoever about how he raises a substantial question,

or how counsel was ineffective for failing to pursue this issue.  Accordingly,

we decline to address it on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014